**The document below is signed, and the clerk shall additionally transmit a copy to the chapter 7 trustee. Dated: May 17, 2011.**



_____
**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF COLUMBIA
```

In re                              )
                                   )
                                   )    Case No. 10-00084
FRANCIS MANN CLARKE, III and       )    (Chapter 7)
JULIE EVETTS CLARKE,               )
                                   )
                Debtor.            )
_____    )
                                   )
                                   )
FRANCIS M. CLARKE, III,            )
                                   )    Adversary Proceeding No.
                Plaintiff,         )    11-10011
                                   )
        v.                         )
                                   )
PEOPLESBANK, a Codorus             )
Valley Company, *et al.*,          )
                                   )
                Defendant.         )

### MEMORANDUM DECISION RE MOTION TO DISMISS

The court will grant the defendants' motion to dismiss this adversary proceeding on two grounds. The plaintiff, Francis M. Clarke, III, lacks standing to prosecute the claims asserted: they arose prepetition and thus are not Clarke's property but instead are property of the estate in the bankruptcy case within which this adversary proceeding is pending. Because the claims

are property of the estate, Clarke's pursuit of the claims constitutes an exercise of control over property of the bankruptcy estate in violation of 11 U.S.C. § 362(a)(3).

The dismissal will be without prejudice to the pursuit of the claims by the chapter 7 trustee in Clarke's bankruptcy case, and also without prejudice to Clarke's pursuit of the claims if they cease to be property of the estate and become his property (or if he otherwise obtains standing or authorization to pursue the claims).

I

On January 27, 2010, Francis Mann Clarke, III and his spouse filed their voluntary petition commencing the bankruptcy case within which this adversary proceeding is pending.  On February 24, 2011, Clarke filed the complaint commencing this adversary proceeding.[1]  Clarke's complaint alleges that in November 2009 PeoplesBank became the owner of property at 2652 MLK Avenue, SE, Washington, D.C. by virtue of foreclosure in November 2009; that he holds a lease for the possession and use of two storage spaces at that property; and that PeoplesBank and the other defendants have denied him access to the storage units, preventing him from using the space and removing his property therefrom.  On his schedules filed in his bankruptcy case under Fed. R. Bankr. P.

---

[1] The proceeding was commenced as a civil action in the Superior Court of the District of Columbia, and the defendants timely removed it to this court where it was assigned Adversary Proceeding No. 11-10011.

1007(b), Clarke scheduled neither the claims asserted in the complaint nor the lease.

## II

Clarke's prepetition claims and the lease have not been scheduled, and have been neither exempted nor abandoned from the estate.  Accordingly, they remain property of the estate over which the chapter 7 trustee has control, and Clarke lacks standing to sue on the claims and with respect to the lease. *Bailey v. Household Fin. Corp. (In re Bailey)*, 306 B.R. 391, 393 (Bankr. D.D.C. 2004).

In responding to the motion, the debtor acknowledges that "the illegal eviction preceded the Chapter 7 Filing by months," and asserts that the defendants had no "right to confiscate and convert any property on the leased premises."  He states that "the foreclosure on the property, the break in, changing of locks, illegal eviction, and property theft . . . all . . . took place months prior to Plaintiff's bankruptcy filing."  He further concedes that the lease was not noted on his schedules.  He thus concedes that his claims arose prepetition.  Those claims, being in existence on the petition date, are property of the estate. If they were to become exempt or abandoned, the debtor could then have standing to pursue the claims, but the debtor has not taken any steps to assure that the property becomes exempt or is abandoned.

Dismissal is warranted as well on the alternative and

corollary ground that Clarke's pursuit of the claims is an exercise of control over property of the estate in violation of 11 U.S.C. § 362(a)(3) because only the chapter 7 trustee is authorized to pursue the claims. Accordingly, the pursuit of the claims is a void act.

### III

Clarke's complaint did not point to postpetition acts by the defendants against property belonging to him. As to the lease, the bankruptcy estate remains the owner of the lease, and any interference by the defendants with the estate's rights under the lease is a tort against the estate, not against Clarke. Clarke conceded at the hearing on the motion to dismiss that he has not obtained permission of the trustee to exercise the estate's rights of access to the leased storage units. As to property stored in the leased units, Clarke has been denied access to the leased units since prior to the filing of his bankruptcy petition. Any property in the leased units that was Clarke's became property of the estate on the petition date, and remains estate property as none of it was claimed exempt.

Inconsistent with the complaint's claim that Clarke had been denied access to *his* property, Clarke asserted at the hearing on the motion to dismiss that the property in the units belongs to another entity. But Clarke has not demonstrated standing to assert any claims of that entity regarding denial of access to that entity's property. Even if Clarke could point to claims for

harm that *he* suffered that arose from postpetition acts, and could demonstrate that those claims are his (not the estate's or some other entity's), this court would lack subject matter jurisdiction to consider the claims as they would have no impact on the administration of the estate in this chapter 7 case.  *See In re Bailey*, 306 B.R. at 396, *citing Turner v. Ermiger (In re Turner)*, 713 F.2d 338 (2nd Cir. 1983).

To the extent that Clarke can point to any such postpetition claims belonging to himself, he is free to pursue them on a clean slate in a court of competent jurisdiction, and it does not appear that any statute of limitations would currently bar the pursuit of such claims.  The claims that Clarke asserted in his complaint, because they are property of the estate, must be dismissed.  There is no reason to grant Clarke leave to amend his complaint to pursue other claims belonging to himself.

IV

The defendants ask that the adversary proceeding be dismissed with prejudice.  Of course, dismissal of the claims ought not be with prejudice as to the bankruptcy trustee.  He still has time under 11 U.S.C. § 108(a) to pursue whatever claims were not time-barred under District of Columbia law as of the petition date.

As to Clarke, the defendants point to his failure to schedule the claims and the lease as being a reason to make the dismissal one with prejudice.  It is premature to decide whether

Clarke's conduct rises to the level of misconduct that would warrant invocation of the doctrine of judicial estoppel or some other basis for barring Clarke's pursuit of the claims. Until he has standing to pursue the claims, there is no reason to decide the question. Moreover, it is questionable whether this court would have jurisdiction to decide the question if Clarke were to pursue the claims as they would have no impact on the administration of the estate. *See In re Bailey*, 306 B.R. at 396. The dismissal of this adversary proceeding will be without prejudice to Clarke's pursuit of the claims if they cease to be property of the estate and become Clarke's property by way of exemption or abandonment (or if Clarke otherwise obtains standing or authorization to pursue the claims), but the defendants at that juncture can seek to argue that Clarke's conduct warrants barring his pursuit of the claims.

An order follows.

[Signed and dated above.]

Copies to: All counsel of record.